[Docket No. 35]

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| UNITED STATES, <br><br> Plaintiff, <br><br> v. <br><br> LUIS BURGOS, <br><br> Defendant. | Crim. No. 11-528 <br><br> **OPINION** |

**APPEARANCES**

John M. Crockett
Matthew T. Smith
U.S. Attorney's Office for the District of New Jersey
Camden Federal Building & Courthouse
401 Market Street, 4th Floor
Camden, NJ 08101

    *On behalf of the United States*

Donald F. Manco
601 Longwood Avenue
Cherry Hill, NJ 08002

    *On behalf of Defendant*

**BUMB, U.S. District Judge**

This matter comes before the Court upon Defendant's Motion for Early Termination of Supervised Release, filed September 3, 2021. [Docket No. 35.] Having reviewed Defendant's motion, as well as subsequent letter submissions by Defendant's counsel in support of his motion [Docket No. 41 and Docket No. 42]

and the Government's response [Docket No. 38], the Court shall deny Defendant's motion for the reasons stated below.

I.  BACKGROUND

On October 26, 2012, Defendant Luis Burgos ("Defendant") was sentenced to a term of imprisonment of 100 months to be followed by a three-year period of supervised release. [Docket No. 35-1.] Subsequently, Defendant was sentenced to a state term of imprisonment of 120 months to be followed by a five-year period of supervised release. [*Id.*] Defendant's state sentence runs concurrent with his federal sentence. [*Id.*]

Defendant began serving his concurrent terms of supervised release in mid-January 2020. [*Id.*] On September 3, 2021, after having been on supervised release for less than two years, the Defendant filed a Motion for Early Termination of Supervised Release in federal court regarding his remaining federal sentence. [*Id.*] At such time, he had sixteen months remaining in his federal term of supervised release and forty months remaining in his state term of supervised release. [*Id.*] The Court requested a response to Defendant's motion by the Government [Docket No.36], which the Government filed on October 20, 2021 opposing Defendant's motion [Docket No. 38]. On October 26, 2021, Defendant requested a virtual hearing on his motion [Docket No. 39], but his request was denied by the Court [Docket No. 40]. Defendant's counsel then filed two additional letters on the docket in support of the motion on November 17, 2021 [Docket No. 41] and January 18, 2022 [Docket No. 42].

The Defendant generally alleges that his compliance with the terms of his supervised release, his gainful employment, and his longer state term of supervised release demonstrate that the remaining federal term of supervised release is duplicative and serves "no useful purpose." [Docket No. 35-1.] The Defendant further argues that the purpose of supervised release – rehabilitation – has already been accomplished [Docket No. 41], and that the "[D]efendant's conduct and the interest of justice" weigh in favor of early termination [Docket No. 42]. In response, the Government contends that early termination is not warranted due to Defendant's extensive criminal history and the serious nature of Defendant's underlying offenses, suggesting that Defendant is a continued public safety concern. [Docket No. 38.] Additionally, the Government notes that the three-year period of federal supervised release is the mandatory minimum term under 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). [*Id.*] This latter point, the Government argues, while not precluding earlier termination of supervised release, counsels against such termination. [*Id.*]

II.     **LEGAL STANDARD**

A term of supervised release may be terminated by the Court following the expiration of one year of supervised release. 18 U.S.C. § 3583(e). The statute provides, in relevant part, that in making such a determination the Court shall consider 18 U.S.C. sections 3553 (a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7). Such a termination may occur only after a consideration of the factors set forth in 18 U.S.C. § 3553(a) if the Court is satisfied that such an action is warranted by the conduct of the defendant and is in the interest of justice. *Id.* The

required factors for consideration are:

> **(1)** the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> **(2)** the need for the sentence imposed—
>
>> . . .
>>
>> **(B)** to afford adequate deterrence to criminal conduct;
>>
>> **(C)** to protect the public from further crimes of the defendant; and
>>
>> **(D)** to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> . . .
>
> **(4)** the kinds of sentence and the sentencing range established for—
>
>> **(A)** the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—
>>
>>> **(i)** issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
>>>
>>> **(ii)** that, except as provided in section 3742(g) [18 USCS § 3742(g)], are in effect on the date the defendant is sentenced; or
>>
>> **(B)** in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);
>
> **(5)** any pertinent policy statement—

> **(A)** issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
>
> **(B)** that, except as provided in section 3742(g) [18 USCS § 3742(g)], is in effect on the date the defendant is sentenced.[;]
>
> **(6)** the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> **(7)** the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

Importantly, these factors include a consideration of the nature and circumstances of the offense, as well as the need for the sentence to reflect the severity of the offense, promote adequate deterrence, and protect public safety. 18 U.S.C. § 3553(a). As the Defendant has correctly asserted, the standard for early termination of supervised release in the Third Circuit was recently clarified in *United States v. Melvin*. 978 F.3d 49 (3d Cir. 2020). In *Melvin*, the Court held that its prior non-precedential decisions had misinterpreted the appropriate standard in finding exceptional, extraordinary, new, or unforeseen circumstances to be a prerequisite finding for District Courts to granting a motion for early termination of supervised release. *Id.* at 53. Instead, the Court "enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination," including any new circumstances which may have arisen since sentencing occurred. *Id.* at 52 (citing *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014)). In assessing the relevant

factors pursuant to 18 U.S.C. § 3553(a), it is sufficient for the Court to make a statement that such factors have been considered, and no specific findings of fact with respect to each factor is required. *Id.* at 52–53 (citing *United States v. Gammarano*, 321 F.3d 311, 315-16 (2d Cir. 2003)).

### III.  ANALYSIS

While the Court commends the Defendant's success following his incarceration, the Court's consideration of all of the factors set forth in 18 U.S.C. § 3553(a) establishes early termination of Defendant's remaining federal supervised release is not warranted. In opposing the Defendant's motion, the Government focuses primarily on an evaluation of the Defendant's underlying offense and the extent of the Defendant's criminal history, per 18 U.S.C. § 3553(a)(1), and deterrence and public safety concerns, per 18 U.S.C. § 3553(a)(2). [Docket No. 38.]  The Defendant is currently serving concurrent sentences for multiple drug-related offenses, including the relevant federal conviction of possession with intent to distribute crack cocaine. [Docket No. 31.] With respect to the seriousness of Defendant's underlying offenses, the Government points to investigations by the Drug Enforcement Administration (DEA) that showed the Defendant was the leader of a drug trafficking organization, called "La Familia", which transported drugs from Puerto Rico. [Docket No. 38.] As part of this leadership, the Defendant was believed to have engaged in wide-spread distribution of both cocaine and heroin within New Jersey and Pennsylvania which resulted in his federal narcotics trafficking conviction. [*Id.*]

Due to the seriousness of Defendant's engagement in this organized criminal activity, as well as his extensive criminal record which may indicate a public safety concern, the Court agrees with the Government that early termination is inconsistent with the § 3553(a) factors. 18 U.S.C. § 3553(a). According to the pre-sentencing report, Defendant was, in fact, the leader of the organization for which the sentencing guidelines recommended a two level increase for his aggravating role. The Sentencing Court, in addition to upholding the aggravating role adjustment, also acknowledged the Defendant's career offender designation. The Court nonetheless varied from an Offender Level 29/Criminal History Category VI (151 – 188 months) to Offense Level 27/Criminal History Category IV (100 – 125 months). Still, despite the Court's variance, Defendant's number of convictions for possession and distribution of controlled substances weigh heavily against early termination. 18 U.S.C. § 3553(a)(1)–(2).

The Court further agrees with the Government that the additional consideration prescribed by 18 U.S.C. 3553(a)(4), conformity with established sentencing ranges, does not support early termination of the Defendant's federal term of supervised release. In light of this information and the mandatory minimum sentences required under 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), early termination is not favored.

Finally, though the Defendant would remain under state supervision even after the termination of federal supervised release, federal and state supervision are distinct with independent conditions and standards and supervised release here

serves important § 3553 objectives. *See* 18 U.S.C. 3553(a)(2). Accordingly, in the absence of any demonstrated justification for the early termination of federal supervision, it is not in the interest of justice. The Defendant's conduct which is in compliance with the terms of his release is insufficient to outweigh the considerations set forth in 18 U.S.C. § 3553(a).

## IV.   CONCLUSION

For these reasons, the Court shall deny the defendant's motion for early termination of supervised release. An accompanying Order as of today's date shall issue.

<u>February 10, 2022</u>                                       <u>s/ Renée Marie Bumb</u>
Date                                                                    Renée Marie Bumb
                                                                             U.S. District Judge